## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ERIC BERNARD MCNEAIR,            )
                                 )
            Petitioner,           )
                                 )
      v.                          )         1:13CV244
                                 )
BRAD PERRITT,                     )
                                 )
            Respondent.           )

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entry 2.) A jury in the Superior Court of Davidson County found Petitioner guilty of first degree kidnapping, first degree burglary, violation of a domestic protective order, and resisting a public officer, whereafter he pled no contest to attaining habitual felon status, in cases 03 CRS 8923, 8924, 54085, 54087, and 54089. (Docket Entry 6, Ex. 5 at 39-40; see also Docket Entry 2, ¶¶ 1, 2, 4-6.)[1] On April 1, 2004, the trial court consolidated the convictions into one Class C felony and sentenced Petitioner in the presumptive sentencing range for his prior record level to 150 to 189 months of imprisonment. (Docket Entry 6, Ex. 5 at 23; see also Docket Entry 2, ¶ 3.) Petitioner filed a direct appeal (see Docket Entry 2, ¶¶ 8, 9(a) - (f)) and, on August 16, 2005, the

---

[1] Documents attached to the Petition confirm the nature of the disposition of the habitual felon charge. (Docket Entry 2 at 16-19.) For attachments to the Petition, as well as portions of the Petition lacking paragraph numbers, pin citations refer to the page number in the footer appended to said document by the CM/ECF system. The same convention applies to attachments to Respondent's brief.

North Carolina Court of Appeals found no error, State v. McNeair, No. COA04-1358, 172 N.C. App. 593 (table), 616 S.E.2d 692 (table), 2005 WL 1950265 (Aug. 16, 2005) (unpublished).  On January 26, 2006, the North Carolina Supreme Court denied Petitioner's request for discretionary review in State v. McNeair, ___ N.C. ___, 629 S.E.2d 279 (2006).  (See Docket Entry 2, ¶¶ 9(g), 11(a).)[2]

Petitioner thereafter filed a pro se motion for appropriate relief ("MAR") with the state trial court, which he dated as signed on March 11, 2009 (Docket Entry 6, Ex. 3 at 11), and which the trial court accepted as filed on March 25, 2009 (Docket Entry 6, Ex. 4 at 1 (indicating date filed)).  The trial court summarily denied the MAR by order dated March 30, 2009, and filed April 1, 2009.  (Docket Entry 6, Ex. 4.)  Petitioner then filed a pro se certiorari petition with the North Carolina Court of Appeals (Docket Entry 6, Ex. 5; see also Docket Entry 2 at 7), which he dated as submitted on December 13, 2012 (Docket Entry 6, Ex. 5 at 11), and which that court stamped as filed on December 27, 2012 (id. at 2).  The Court of Appeals denied that petition on January 14, 2013.  (Docket Entry 6, Ex. 7.)

Petitioner thereafter submitted his instant Petition to this Court (Docket Entry 2), which he dated as mailed on March 23, 2013 (Docket Entry 2 at 15), and which the Court stamped as filed on

---

[2] Although Petitioner indicated that he filed a petition for certiorari with the United States Supreme Court (see Docket Entry 2, ¶ 9(h)), in response to a request for the docket or case number, he provided the docket number of his petition for discretionary review with the North Carolina Supreme Court (see id., ¶ 9(h)(1)).  The record before the Court does not contain any evidence that Petitioner in fact filed a certiorari petition with the United States Supreme Court.

March 26, 2013 (Docket Entry 2 at 1).[3]  Respondent moved to dismiss the Petition on statute of limitation grounds (Docket Entry 5), but Petitioner has not responded despite notice from the Clerk of Court pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) (see Docket Entry 7; Docket Entries dated Apr. 25, 2013, to present). For the reasons that follow, the Court should grant Respondent's instant Motion.

## **Petitioner's Claims**

Petitioner raises four claims for relief in his Petition: (1) he received "a sentence of 15 months higher than the statutory minimum and 21 months above the statutory maximum of the presumptive range" without his consent and without the jury finding any aggravating factors (Docket Entry 2 at 5); (2) "[t]he trial court imposed an aggravated sentence outside the scope of the jury's verdict" because "Petitioner did not commit any act with deliberate cruelty" (id. at 7); (3) the trial court relied on an aggravating factor based on prior convictions that the jury did not find and to which Petitioner did not admit (see id. at 8); and (4) the trial court exceeded its "proper authority" by finding an aggravating factor due to Petitioner being on pre-trial release at the time of the offenses at issue without the jury having "found all the facts which the law makes essential to the punishment" (id. at 10).

---

[3] Under Rule 3(d) of the Rules Governing Section 2254 Cases in United States District Courts, the Court deems the instant Petition filed on March 23, 2013, the date Petitioner signed the Petition (under penalty of perjury) as submitted to prison authorities. (See Docket Entry 2 at 15.)

**Discussion**

In order to assess Respondent's statute of limitation argument, the Court first must determine when Petitioner's one-year period to file his § 2254 Petition commenced. In this regard, the United States Court of Appeals for the Fourth Circuit has explained that:

> Under § 2244(d)(1)(A)-(D), the one-year limitation period <u>begins to run from</u> the latest of several potential starting dates:
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

<u>Green v. Johnson</u>, 515 F.3d 290, 303-04 (4th Cir. 2008) (emphasis added).

The record does not reveal any basis for concluding that subparagraphs (B), (C), or (D) of § 2244(d)(1) apply in this case. As a result, Petitioner's one-year limitation period commenced on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A). The Court thus must ascertain

when direct review (or the time for seeking direct review) of Petitioner's underlying conviction ended.

As Respondent has asserted (Docket Entry 6 at 4), and Petitioner has not disputed (see Docket Entries dated from Apr. 25, 2013, to present), Petitioner's convictions became final on April 26, 2006, 90 days after the January 26, 2006 order of the North Carolina Supreme Court denying his petition for discretionary review. See Clay v. United States, 537 U.S. 522, 527 (2003) (holding that "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires" (internal citations omitted)); see also Sup. Ct. R. 13.1 (allowing petitioners 90 days after highest state appellate court's denial to file for writ of certiorari). The limitations period then ran for 365 days until it expired a year later on April 26, 2007, nearly six years before Petitioner brought this action under § 2254.

Petitioner did make certain state collateral filings, which generally toll the federal habeas deadline for "the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)" Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999). Petitioner, however, did not make any collateral

filings in the state courts until March 25, 2009,[4] well after his time to file a federal habeas claim had already expired.  State filings made after the federal limitations period has passed do not restart or revive the filing period.  See Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000).

Petitioner disputes the foregoing time-line, claiming that "[t]he Supreme Court unanimously held in Jimenez v. Quarterman, [555 U.S. 113 (2009)], that where[] a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review but before the defendant has sought federal habeas relief, his judgment is not 'final' for purposes of § 2244(b)(1)(A) until the conclusion of the out-of-time direct appeal or the expiration of the time for seeking certiorari review of the appeal."  (Docket Entry 2, ¶ 18.)  This argument misses the mark.

Petitioner did not seek, and the North Carolina Court of Appeals did not grant him, the right to file an out-of-time direct appeal.  The record demonstrates that Petitioner filed a timely direct appeal with the assistance of counsel (see Docket Entry 6, Ex. 1; see also Docket Entry 2, ¶ 16(e)), and then petitioned the North Carolina Court of Appeals for review of his MAR's denial years later (see Docket Entry 6, Ex. 5; see also Docket Entry 2, ¶¶ 8, 9(a) - (f)).  The one-year period to file in this Court thus

---

[4] Even if the Court treated the MAR's filing date as March 11, 2009, the date Petitioner signed the document (see Docket Entry 6, Ex. 3 at 11), the timeliness analysis would not change, as his MAR would still remain nearly two years beyond the expiration of the one-year limitations period.

commenced after Petitioner's direct appeal concluded and his convictions became final. Moreover, as discussed above, no statutory tolling applies for his state post-conviction petitions, as he filed them after the one-year period had already expired. Minter, 230 F.3d at 665. The rule of Jimenez simply does not apply to Petitioner's circumstances.

Next, Petitioner advances a reason why he believes the Court should consider the Petition despite its untimeliness. (Docket Entry 2, ¶ 18.) In other words, Petitioner requests equitable tolling, which doctrine the Supreme Court has ruled applicable in this context, Holland v. Florida, 560 U.S. 631, 649 (2010). Equitable tolling may apply when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

Specifically, Petitioner contends that under the persuasive authority of Gratzer v. Mahoney, 397 F.3d 686, 690 (9th Cir. 2005), the Court should overlook his Petition's untimeliness because the delay caused the State no prejudice. (Docket Entry 2, ¶ 18.) This argument lacks merit.

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), effective April 24, 1996, mandates the one-year limitations period at issue here. AEDPA superceded Rule 9(a) of the Rules Governing Section 2254 Cases in the United States District Courts and prior practice as to the doctrine of laches in habeas cases, both of

which involved a determination of prejudice to the State as a result of the delay. See Langley v. Director, Dep't of Corr., No. 2:09cv436, 2010 WL 2483876, at *6 (E.D. Va. May 28, 2010) (unpublished).[5]  Under AEDPA, the "prejudice" to Respondent has no bearing on the timeliness analysis. Furthermore, the case cited by Petitioner provides no basis for the Court to examine the prejudice to Respondent because it involved convictions and a § 2254 petition that predated the passage of AEDPA. See Gratzner, 397 F.3d at 689.

**IT IS THEREFORE RECOMMENDED** that Respondent's Motion to Dismiss (Docket Entry 5) be granted, that the Petition (Docket Entry 2) be dismissed, and that this action be dismissed.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

March 27, 2014

---

[5] Rule 9(a) provided that "[a] petition may be dismissed if it appears that the state of which the respondent is an officer has been prejudiced in the ability to respond to the petition by delay in its filing unless the petitioner shows that it is based on grounds of which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the state occurred."